IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| v. | : | DATE FILED: _____ |
| HOLLY SADOWSKI | : | VIOLATIONS:<br>18 U.S.C. §1343 (wire fraud – 5 counts) |
| | : | 42 U.S.C. §408 (Social Security fraud – 1 count) |
| | : | 18 U.S.C. §1028A (aggravated identity theft – 1 count) |
| | : | Notice of forfeiture |

**INDICTMENT**

**COUNTS ONE THROUGH FIVE**

(Wire Fraud)

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Social Security Disability Insurance ('SSDI") program, also known as Disability Insurance Benefits ("DIB"), pursuant to Title 42, United States Code, Sections 401-433.

2. The DIB program, which was established to be self-financing, provided monthly cash benefits to those who qualify as "disabled," as that term was defined for the purposes of the Social Security Act. DIB was available if a person worked long enough and had a medical condition that prevented the individual from working for at least twelve months. These payments continue until the beneficiary reached full retirement age.

3. Under the Social Security Act, disability was generally defined as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that had lasted, or could be expected to last, for a continuous period of not less than twelve months. To meet this definition, an individual needed to have a severe impairment that prevented the individual from performing either past relevant work or other substantial gainful work that existed in the national economy.

4. Children younger than 18 years of age may be eligible for childhood disability benefits (CDB) under their parents' Social Security account if one of their parents has sufficient work credits, and the child meets the definition of "disabled" under the Social Security Act. CDB may be payable for months in which the child is age 18 or older if the child has a qualifying disability that began before age 22.

5. E.W., an individual known to the grand jury, received DIB benefits from the SSA under her mother's record, due to an intellectual disorder. No other individual was entitled to the benefits designated for E.W., and the benefits were to be terminated upon E.W.'s death. The SSA provided these benefits through an electronic funds transfer to a Harleysville Bank account, ending in 5411 that was held solely in the name of E.W.

6. E.W. was enrolled in Medicare and Medicaid. E.W.'s last Medicare claim was in or about December 2012. E.W.'s last Medicaid claim was also in or about December 2012.

7. E.W. received monthly in-person services at New Life of Community Health Services ("New Life") in Philadelphia and received monthly prescription medication beginning in or about October 2004. E.W. went to New Life every month between October 2004 and December 2012.

8. E.W. last went to her appointment with New Life on or about December 12, 2012 and received her monthly medication. E.W. scheduled an appointment at New Life for January 18, 2013, but did not appear for the appointment. After she missed the January 18, 2013 appointment, E.W. never scheduled another appointment with New Life or contacted them again.

9. The last time anyone reported seeing E.W. was on or about December 12, 2012.

10. E.W.'s last known address was 5222 Burton Street, in Philadelphia, Pennsylvania.

11. On or about December 14, 2022, through December 19, 2022, pursuant to a court-authorized search, law enforcement authorities discovered human remains buried beneath approximately six to eight feet of concrete in the basement of 5222 Burton Street, in Philadelphia, Pennsylvania.

12. A DNA analysis of the human remains concluded that the remains recovered from the basement of 5222 Burton Street, Philadelphia, Pennsylvania, were those of E.W.

13. The Philadelphia Medical Examiner's Office and a forensic anthropologist examined E.W.'s remains and concluded that the cause of death was blunt trauma to the head and neck and the manner of death was homicide. The forensic anthropologist estimated that E.W. died at least four years and up to ten years prior to the recovery of her remains.

14. The SSA was never notified that E.W. was deceased.

15. From in or about January 2013 through in or about April 2023, the SSA deposited approximately $99,447.90 in SSA DIB benefits for E.W. into a Harleysville Bank account ending in 5411, held solely in the name of E.W. During this period, defendant HOLLY SADOWSKI accessed Harleysville Bank account ending in 5411 and took the monies for her personal use.

### THE SCHEME TO DEFRAUD

16. From at least in or about January 2013 through in or about April 2023, defendant HOLLY SADOWSKI devised and intended to devise a scheme to defraud the SSA and to obtain money from the SSA in the form of benefit payments intended for E.W., by fraudulently converting to her own use the SSA benefits intended for E.W., which benefits defendant SADOWSKI was not entitled to receive.

### MANNER AND MEANS

It was part of the scheme that:

17. Defendant HOLLY SADOWSKI concealed E.W.'s death from the SSA so that E.W.'s SSA benefits would continue to be deposited into E.W.'s Harleysville Bank account.

18. On or about September 4, 2021, defendant HOLLY SADOWSKI submitted an online banking application to Harleysville Bank in the name of E.W., using E.W.'s name, date of birth, and social security number, to access E.W.'s bank account ending in 5411 online.

19. From in or about January 2013 to in or about April 2023, defendant HOLLY SADOWSKI fraudulently obtained and converted to her own use approximately $99,447.90 in SSA benefits payments intended for E.W.

20. On or about the following dates, in the Eastern District of Pennsylvania, and elsewhere, defendant

**HOLLY SADOWSKI,**

for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | WIRE TRANSACTION |
|---|---|---|
| 1 | October 3, 2022 | SSA payment of $843.00 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to the Eastern District of Pennsylvania. |
| 2 | November 3, 2022 | SSA payment of $843.00 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to the Eastern District of Pennsylvania. |
| 3 | December 2, 2022 | SSA payment of $843.00 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to the Eastern District of Pennsylvania. |
| 4 | January 3, 2023 | SSA payment of $916.00 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to the Eastern District of Pennsylvania. |
| 5 | February 3, 2023 | SSA payment of $916.00 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to the Eastern District of Pennsylvania. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT SIX

### (Social Security Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 19 of Counts One through Five are realleged here.

2. From in or about January 2013 to in or about April 2023, in the Eastern District of Pennsylvania, and elsewhere, defendant

**HOLLY SADOWSKI,**

in a matter within the jurisdiction of the SSA, having knowledge of the death of E.W., an event affecting E.W.'s initial and continued right to any SSA DIB payments, knowingly and willfully concealed and failed to disclose the death of E.W. with the fraudulent intent to secure approximately $99,447.90 in SSA DIB payments.

In violation of Title 42, United States Code, Section 408(a)(4).

## COUNT SEVEN

### (Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 19 of Counts One through Five are realleged here.

2. On or about September 4, 2021, in the Eastern District of Pennsylvania, defendant

**HOLLY SADOWSKI,**

knowingly and without lawful authority, used a means of identification of another person, that is, the name, birthdate, and social security number of E.W., during and in relation to wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to a real person.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in Counts One through Five of this indictment, defendant

**HOLLY SADOWSKI**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses; including but not limited to the sum of $99,447.90.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

████████████████████

GRAND JURY FOREPERSON

*Christine E. Ayers for*
JACQUELINE C. ROMERO
UNITED STATES ATTORNEY

No._____

---

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

---

THE UNITED STATES OF AMERICA

vs.

HOLLY SADOWSKI

---

INDICTMENT

18 U.S.C. §1343 (wire fraud – 5 counts)
42 U.S.C. §408 (Social Security fraud – 1 count)
18 U.S.C. §1028A (aggravated identity theft – 1 count)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Foreperson

---

Filed in open court this __**21**__ day,
of __**May**__ A.D. 20 __**24**__

Foreperson

Bail, $_____